IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABBATE FAMILY FARMS LIMITED PARTNERSHIP,<br><br>         Plaintiff,<br><br>   v.<br><br>P.Y. PRODUCE LLC, et al.,<br><br>         Defendants.<br>_____/ | No. C -11-00319 EDL<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

On January 21, 2011, Plaintiff Abbate Family Farms Limited Partnership filed a complaint against Defendants Jose Gomez and P.Y. Produce, LLC, alleging violations of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499b(4). On February 9, 2011, Defendants were served with the summons and complaint in this matter. See Docket Nos. 6, 7. Defendants failed to answer the complaint or otherwise defend the action. On April 5, 2011, upon Plaintiffs' request, the Clerk of this Court entered Defendant Jose Gomez' default under Federal Rule of Civil Procedure 55(a). See Docket No. 9. On August 25, 2011, pursuant to the Court's Order, the Clerk of this Court entered Defendant P.Y. Produce's default. See Docket No. 18. By their default, Defendants are deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages. See Fed. R. Civ. P. 8(b)(6).

On October 14, 2011, Plaintiff filed a Motion for Default Judgment against Defendants. Plaintiff seeks judgment against Defendants, jointly and severally, in the total amount of $69,450.67 plus daily interest of $28.42, which is comprised of the principal sum of $57,627.95 and accrued

interest of $11,822.72.[1] Although Plaintiff has consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c), Defendants are in default and have not consented. The Court held a hearing on November 22, 2011. There was no appearance for Defendants. For the reasons stated at the hearing and set forth below, it is recommended that the Court grant Plaintiff's motion and enter default judgment against Defendant in the amount of $69,450.67 plus daily interest of $28.42 from the date of this Report and Recommendation. This matter will be reassigned to a district court judge.

**BACKGROUND**

Plaintiff sells, ships and supplies fresh produce to wholesale distributors, processors, commission merchants, dealers and brokers of fruits and vegetables in interstate transactions. Compl. ¶ 17. During the period from on or about July 8, 2010 through on or about August 21, 2010, Plaintiff sold and delivered to Defendant P.Y. Produce various perishable agricultural products, including onions, peppers, corn and watermelons. Compl. ¶ 18; Ex. B. P.Y. Produce agreed to pay Plaintiff $57,855.45. Compl. ¶ 18. The terms of sale were FOB with payment due in 10 days with interest at the rate of 1.5% per month on all past due accounts. Compl. ¶ 19. P.Y. Produce accepted the produce shipments without objection. Compl. ¶ 20. P.Y. Produce made one payment of $227.50 on or about September 13, 2010, but has failed to pay the balance due. Compl. ¶ 21. Defendant Gomez controlled, managed and had control over the financial dealings of P.Y. Produce, in that Gomez occupied the positions of shareholder, officer and director of P.Y. Produce and the individuals who managed its day-to-day operations. Compl. ¶ 26.

**DISCUSSION**

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. See Fed. R. Civ. P. 55(B)(2); 50 U.S.C. § 521(b)(1). Mr. Gomez is not a minor, incompetent person, or in the military. See Declaration of Robert P. Lewis ¶¶ 5, 6.

The general rule is that, upon default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. Televideo Systems, Inc. v. Heidenthal, 826

---

[1] At the hearing, Plaintiff's counsel stated that he would not seek costs of $350.00 through this motion. Plaintiff may seek those costs through a Bill of Costs following entry of judgment. See Civil L.R. 54-1.

2

F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977)).  Necessary facts not contained in the pleadings, and claims which are legally insufficient, however, are not established by default.  Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992).  Rule 55(b)(2) allows, but does not require, the court to conduct a hearing on damages, as long as it ensures that there is an evidentiary basis for the damages awarded in the default judgment.  Action S.A. v. Marc Rich & Co. Inc., 951 F.2d 504, 508 (2nd Cir. 1991).  Relief is limited to the plaintiff's specific demand in his complaint.  Fed. R. Civ. P. 54(c).  Entry of default judgment requires the consideration of several factors, including: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

     Here, the Eitel factors weigh in favor of entry of default judgment.  Plaintiff's PACA claims appear to have merit and the Complaint is sufficient to state a claim for violation of PACA.  PACA makes it unlawful for any commission merchant, dealer, or broker in connection with any transaction in interstate or foreign commerce to "fail or refuse truly and correctly to account and make full payment promptly in respect of any transaction in any [perishable commodity] to the person with whom such transaction is had" or "fail to maintain the trust as required under section 499e(c)." 7 U.S.C. § 499b(4).  Section 499e(c) requires a trustee to hold any commodities and receivables or proceeds from the sale of such commodities in trust for the benefit of all unpaid suppliers or sellers until full payment of the sums owing have been received by the supplier or seller.  See 7 U.S.C. § 499e(c).  Under PACA, a commission merchant, dealer, or broker that violates any provision of section 449b shall be liable for the full amount of damages sustained in consequence of such violation.  See 7 U.S.C. § 499e(a).  "'PACA liability attaches first to the licensed seller of perishable agricultural commodities.  If the seller's assets are insufficient to satisfy the liability, others may be found secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust.'"  Sunkist Growers, Inc., v. Fisher, 104 F.3d 280, 283 (9th Cir.1997)

3

(citing Shepard v. K.B. Fruit & Vegetable, Inc., 868 F.Supp. 703, 706 (E.D. Pa.1994)). As such, "individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act." Sunkist, 104 F.3d at 283. PACA also requires the unpaid supplier, seller, or agent to give written notice of intent to preserve the benefits of the trust. See 7 U.S.C. § 499e(c)(3),(4).

Here, Plaintiff alleges that Defendant P.Y. Produce is licensed under Section 3 of PACA, 7 U.S.C. § 499c, and has operated as a dealer in perishable commodities within the meaning of PACA, 7 U.S.C. § 499a(6). Compl. ¶ 7; Ex. A (P.Y. Produce PACA license number 20031528). Plaintiff alleges on information and belief that Defendant Gomez was a shareholder, officer and director of P.Y. Produce and was a statutory trustee under PACA in a position to control the trust assets that are the subject of the action. Compl. ¶¶ 26-27. Plaintiff alleges that Defendant Gomez held PACA trust fund assets as trustee for the beneficial trust of Plaintiff and is personally liable to Plaintiff for the dissipation of the PACA trust assets. Compl. ¶ 29; Abbate Decl. ¶ 8 (". . . Gomez is a person who is responsibly connected with the above licensed dealer under the PACA . . . and as such is a fiduciary with respect to handling accounts receivable and proceeds subject to the statutory constructive trust arising under Section 5(c) of the PACA, 7 U.S.C. § 499e(c), held by said licensee for the benefit of unpaid produce creditors."). The produce sold by Plaintiff to Defendants "traveled in and in contemplation of interstate and/or foreign commerce." Abbate Decl. ¶ 12. Defendants allegedly accepted all produce shipments without objection, but subsequently failed to maintain the trust assets for the satisfaction of their obligation to Plaintiff, and continue to fail and refuse to make full payment in the principal amount of $57,885.45. Compl. ¶¶ 18, 21, 24, 27; Abbate Decl. ¶ 10 ("An invoice for each shipment was prepared and mailed to Defendants on or about the day of each transaction, and a delivery ticket was stamped upon Abbate's delivery to Defendants demonstrating that all shipments were received and accepted."). Plaintiff also alleges that in failing to pay the amount due for the produce sold and delivered, Defendant P.Y. Produce beached its contract with Plaintiff and violated the "Prompt Pay" provision of PACA. Compl. ¶ 24; 7 U.S.C. § 499b(4). Compl. ¶ 24. Plaintiff gave written notice of intent to preserve the benefits of the trust in its

4

invoices to Defendants. Compl. at Ex. B. Thus, Plaintiff has satisfied the statutory requirements under PACA, and it is entitled to relief for all unpaid invoices.

The majority of the remaining Eitel factors also weigh in favor of granting default judgment. First, if the motion were denied, Plaintiff would likely be without a remedy. This is because if Defendants do not appear in court, Plaintiff has no method of addressing this matter. See Pepsico, Inc. v. Cal. Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."). Second, because Defendants did not file an answer to the complaint, there is nothing to suggest that there is a possibility of a dispute concerning material facts. Third, the sum of money at stake in this action is proportionate; the amount represents the total sum owed after a series of produce sales over several months by Plaintiff, after which Defendants did not comply with their obligations under PACA. Finally, there is no evidence that Defendants' default was due to excusable neglect.

**DAMAGES**

In Plaintiff's motion for default judgment, plaintiff seeks $57,627.95 in damages from Defendants. Plaintiff has the burden of proving damages through testimony or written declaration or affidavit. Plaintiff has submitted the declaration of Anthony Abbate, a General Partner of Plaintiff Abbate Family Farms Limited Partnership, who regularly undertakes the responsibility of tracking the receivables related to the accounts of his customers to ensure that payment is timely made. Abbate Decl. ¶ 9. He also maintains an account aging for each of the accounts' receivable pertaining to his customers. Id. Abbate attested to the amounts owed by Defendants and attached the invoices to support those amounts. Abbate Decl. ¶ 10; Ex. C. According to the complaint, and corroborated by the invoices and statements attached to the Abbate declaration, Defendants failed to pay Plaintiff $57,627.95. See Compl. ¶ 18, Ex. B; Abbate Decl. ¶¶ 10, 14; Ex. C. Having reviewed the complaint, and all of the materials filed in support of the motion for default judgment, the Court finds that Plaintiff has established that Defendants are liable for this amount, and recommends that Plaintiff recover $57,627.95 from Defendants.

Plaintiff requests pre- and post-judgment interest at 18%, requesting $11,822.72 in pre-judgment interest and post-judgment interest in the amount of $28.42 per day. Abbate Decl. ¶

11; Lewis Decl. ¶ 8.  Under the controlling case of <u>Middle Mountain Land and Produce Inc. v. Sound Commodities Inc</u>., 307 F.3d 1220 (9th Cir.2002), prejudgment interest may be included in a PACA trust claim if supported by a contractual right; alternatively, the Court has discretion to award reasonable prejudgment interest if such an award promotes the interests of PACA claimants. "[A] district court has broad discretion to award prejudgment interest to PACA claimants under 7 U.S.C. § 499e(c)(2) ... [A] district court may award reasonable prejudgment interest to PACA claimants if such an award is necessary to protect the interests of PACA claimants, and [ ] such an award absent contract is discretionary."  <u>Middle Mountain</u>, 307 F.3d at 1225–26.  Here, the invoices attached to the complaint and to the Abbate declaration state, in relevant part: "Interest at 1.5% monthly added to unpaid balance.  Interest and attorney fees necessary to collect any balance due hereunder shall be considered sums owing in connection with this transaction under PACA Trust."  Compl. Ex. B.  Although normally interest would accrue at the legal rate, because the invoices created a contract, the interest rate of 18% on unpaid accounts agreed to by the parties is the correct rate to apply.  <u>Citicorp Real Estate, Inc. v. Smith</u>, 155 F.3d 1097, 1108 (9th Cir.1998) ("affirm[ing] the district court's grant of post-judgment interest based upon the mutually agreed upon contract rate").

**CONCLUSION**

For the reasons set forth above, and for good cause shown, it is hereby recommended that default judgment be entered in the amount of the principal sum of $57,627.95 and accrued interest in the amount of $11,822.72 for a total of $69,450.67 plus daily interest at the rate of $28.42.

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: November 22, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge

6